## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MONICA BANKS                                    *

                                             *         Civil Action No. CCB-20-1904

           v.                             *

                                             *

MICHAEL J. MARTIRANO, *et al.*                  *

## MEMORANDUM

Monica Banks filed this civil rights and torts action in state court on behalf of herself and her child L.B. against several defendants associated with Howard County[1] and the Howard County Public Schools.[2] The defendants removed this action from state court on June 23, 2020, asserting that this court possessed federal question jurisdiction over Banks's federal claim under 42 U.S.C. § 1988. The crux of the dispute centers on an incident in which Banks alleges that Kelly Zawada, a lunchroom monitor at Running Brook Elementary School, used aggressive force against L.B. Now pending is Zawada's motion to dismiss or, in the alternative, to strike (ECF 8), the Howard County Public School defendants' motion to dismiss (ECF 15), the Howard County defendants' motion to dismiss (ECF 16), and Anthony Esposito's motion to dismiss (ECF 53). The motions have been fully briefed, and no oral argument is necessary.[3] For the reasons stated herein, the motions to dismiss will be granted as to the federal claims; the court will decline to exercise supplemental jurisdiction over and will remand the remaining state law claims; and the motion to strike will be denied as moot.

---

[1] The Howard County defendants include Rich Gibson, the Howard County State's Attorney, in his individual and official capacity; the Office of the State's Attorney for Howard County; the Howard County Office of Human Rights; the Howard County Police Department; and an unknown Howard County police officer.

[2] The school defendants include Michael J. Martirano, the Howard County Public School Superintendent, in his official capacity; the Howard County Public School System; the Howard County Board of Education; and Running Brook Elementary School. Anthony Esposito, the Running Brook Elementary School Principal, was sued in his individual and official capacity and has filed his own motion to dismiss apart from the other school defendants. *See* ECF 53.

[3] The Howard County defendants' motion to dismiss (ECF 16) and Anthony Esposito's motion to dismiss (ECF 53) are unopposed.

## FACTS & PROCEDURAL HISTORY

Monica Banks's daughter, L.B., was at the time pertinent to this action a nine-year old girl attending third grade at Running Brook Elementary School, a public school in the Howard County Public School System.  (Compl. ¶¶ 1–3, 10–11).  Kelly Zawada, a lunchroom monitor at Running Brook, with "little or no verbal request . . . aggressively grabbed" L.B.'s arms "in an attempt to move her to an assigned lunch seat."  (*Id.* ¶ 3).  When L.B. resisted, Zawada "paused in frustration" and then "aggressively grabbed L.B.'s arms a second time; dragged her from the table; swung her around; dragged her to a different lunch table; dropped her on the bench and walked away."  (*Id.* ¶ 4).

Running Brook Principal Anthony Esposito contacted Banks to inform her of the incident, which was captured on video and which Banks viewed the follow day.  (Compl. ¶¶ 13–14; ECF 4-1, Exhibit A).  Esposito did not report the incident under HCPS Policy 1030, the school system's procedure for reporting child abuse.  (Compl. ¶ 13).  Instead, Banks reported the incident to law enforcement herself.  (*Id.* ¶ 14).  After conducting an investigation, Howard County police charged Zawada with second-degree assault, but Howard County State's Attorney Rich Gibson declined to prosecute.  (*Id.* ¶ 7).  Banks was initially told that Zawada was terminated as a result of the incident, though she was ultimately placed on administrative leave pending the outcome of an investigation.  (*Id.* ¶¶ 5, 16).  Banks then filed a complaint with the Howard County Office of Human Rights, which declined to investigate because it lacked "the power to investigate a complaint alleged regarding a minor child."  (*Id.* ¶ 9).  Banks thus asserts that Esposito, Howard County Public School administrators, the Howard County Police Department, and the Howard County Office of the State's Attorney engaged in a civil conspiracy

by "operating collectively to prevent legal action from being taken against either Ms. Zawada or HCPS." (*Id.* ¶¶ 36, 38).

Since the incident, L.B. has been "targeted and taunted" by Zawada's son, who orchestrated a "heist of [L.B.]'s candy" at a school trick-or-treat event. (Compl. ¶ 18). L.B. is also "torment[ed]" by Zawada's continued presence at the school. (*Id.*). L.B. is concerned that "Zawada is . . . assassinating her character with her teachers." (*Id.* ¶ 20). Further, Banks raises more generalized concerns about the practices and culture at Running Brook: a school nurse refused to allow L.B. to use an inhaler (*id.* ¶ 20); the students are not given sufficient time or occasions to eat or drink (*id.* ¶¶ 22, 23); the children are denied access to the bathroom at a frequency that does not befit their age (*id.* ¶ 23); and children of color are over-disciplined for behavioral problems, over-diagnosed for mental health problems, and denied opportunities for advancement (*id.* ¶¶ 24, 27).

As a result of the foregoing incidents, L.B. is scared to attend school and both she and Banks have suffered "emotional trauma, distress, physical injuries, and damage to their reputations." (Compl. ¶¶ 19, 39). On December 10, 2019, Banks filed an action in the Circuit Court for Howard County, Maryland, asserting multiple claims against all defendants for (1) violation of 42 U.S.C. § 1988; (2) violation of Article 24 of the Maryland Constitution; (3) misrepresentation, fraud, and deceit; (4) civil conspiracy; (5) intentional infliction of emotional distress; (6) negligence and gross negligence; and (7) false light. (*Id.* at 10, 17, 21). Additionally, Banks asserts an assault claim and a battery claim against Zawada. (*Id.* at 11.) Banks seeks an order, which she styles as a declaratory judgment, compelling the State's Attorney to prosecute Zawada, an injunction barring Zawada from Running Brook, and compensatory and punitive damages. (*Id.* at 27). On June 23, 2020, the defendants removed the

action to this court, asserting that this court has federal question jurisdiction over the claim

arising under 42 U.S.C. § 1988 and supplemental jurisdiction over the numerous state law claims

arising out of the same case or controversy.  (ECF 1, Notice of Removal, at 4).

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to

raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations omitted).  "To satisfy this standard, a plaintiff need not 'forecast' evidence

sufficient to prove the elements of the claim.  However, the complaint must allege sufficient

facts to establish those elements."  *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)

(citation omitted).  "Thus, while a plaintiff does not need to demonstrate in a complaint that the

right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from

conceivable to plausible.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Additionally, although

courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not

accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions,

or arguments'" in deciding whether a case should survive a motion to dismiss.  *U.S. ex rel.*

*Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More*

*Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

## DISCUSSION

Banks asserts just one claim arising under federal law: namely, a claim under 42 U.S.C. §

1988 "for the unlawful deprivation of L.B.'s right to liberty."[4]  (Compl. at 10).  42 U.S.C. § 1988

---

[4] This purported claim under § 1988 is grouped in Banks's complaint with a claim arising under Article 24 of
Maryland's Constitution and perhaps could be construed as a substantive due process claim under 42 U.S.C. § 1983.
*See* ECF 4 at 10.  However, the defendants did not construe the claim in this manner, nor did Banks clarify in her
response to the motions to dismiss that this claim arises under § 1983.  *See* ECF 8-1 at 12–13; ECF 15-1 at 12–13;

details the applicability of statutory and common law in a federal civil rights action and grants

courts discretion to allow the prevailing party in such an action to an award of reasonable

attorney's fees; it does not, however, create an independent cause of action.  *See Moor v.

Alameda County*, 411 U.S. 693, 702 (1973) (Section 1988 "is intended to complement the

various acts which do create federal causes of action for the violation of civil rights."); *see also

Johnson v. Ryder Truck Lines, Inc*., 575 F.2d 471, 474 (4th Cir. 1978) ("Section 1988 in itself

does not create any cause of action").  Therefore, to the extent that Banks asserts any

independent claims under 42 U.S.C. § 1988, those claims will be dismissed as to all named

defendants.

Having determined that it will dismiss the only federal claims raised in the complaint, the

court has the discretion to remand this action to state court.  *See* 28 U.S.C. § 1367(c) (stating that

a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district

court has dismissed all claims over which it has original jurisdiction"); *see also Farlow v.

Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001).  When, as here, "the

federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims

remain, the federal court should decline the exercise of jurisdiction by dismissing the case

without prejudice."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United

Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966)).  Nevertheless, in excerising its

discretion, the court should consider the factors of judicial economy, convenience, fairness, and

comity.  *Id.* at 351.  Here, those factors all point to remand: absent any federal claim, all that

---

ECF 53-1 at 11; *see generally* ECF 42, ECF 46.  Therefore, the court likewise will not construe the claim as one
arising under § 1983.

remains in this action is a dispute asserting state constitutional claims and state common law claims which a state court is best positioned to resolve.[5]

## CONCLUSION

For these reasons, the court will grant in part the motions to dismiss (ECF 8, 15, 16, 53), dismissing as to all defendants the federal claim under 42 U.S.C. § 1988.  The court will remand to the Circuit Court for Howard County the remaining state law claims.  The court will also deny the motion to strike (ECF 8) as moot.  A separate order follows.


    10/1/20                                                    /S/
Date                                                Catherine C. Blake
                                                    United States District Judge

---

[5] The sole claim that could conceivably look to federal law for resolution is the state constitutional claim arising under Article 24 of the Maryland Constitution because Article 24 is interpreted *in pari materia* with the Due Process Clause of the Fourteenth Amendment.  *Doe v. Dep't Pub. Safety and Corr. Servs.*, 185 Md.App. 625, 636 (2009).  Regardless, the Maryland Constitution is "obviously independent [of the federal constitution] and capable of divergent application," *Frankel v. Bd. of Regents*, 361 Md. 298, 313 (2000), and decisions applying federal constitutional provisions are "no more than persuasive authorities" to the resolution of state constitutional questions, *Dua v. Comcast Cable of Maryland, Inc.*, 370 Md. 604, 623 (2002).  Thus, even if federal law is potentially implicated in the resolution of the Article 24 claim, for reasons of comity, a state court should be permitted to make that decision.